# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEBORAH OSTIN and LANNY DIBARTOLOMEO,**

      **Plaintiffs,**

**v.**                          **Case No: 6:25-cv-789-PGB-LHP**

**WESTGATE RESORTS, LTD.,**

      **Defendant.**
_____/

## ORDER

This cause comes before the Court upon the following filings:

1.    Defendant Westgate Resorts, Ltd.'s ("**Defendant**") Motion for Entitlement to Attorney's Fees and Costs (Doc. 38 (the "**Motion for Fees and Costs**"));

2.    Magistrate Judge Leslie Hoffman Price's Report and Recommendation filed November 17, 2025 (Doc. 53 (the "**Report**")); and

3.    Plaintiffs Deborah Ostin and Lanny Dibartolomeo's (collectively, the "**Plaintiffs**") *pro se* Response to the Motion for Fees and Costs[1] (Doc. 60 (the "**Response**")).

---

[1]   As described *infra*, although Plaintiffs technically remain represented by counsel in this matter, they submitted the belated Response to the Motion for Fees and Costs *pro se*. (Doc. 60).

Upon consideration, the Court is due to vacate its previous Order granting Defendant's Motion to Dismiss Plaintiffs' Complaint as unopposed. (Doc. 36 (the "**Order**")). Accordingly, the Motion for Fees and Costs and the Report, which are premised upon the Court's entry of the Order, are due to be found as moot.

## I.    BACKGROUND

Plaintiffs initiated this action on April 7, 2025, by filing suit in state court. (Doc. 1-1 (the "**Complaint**")). Through the Complaint, Plaintiffs allege they are victims of Defendant's fraudulent scheme, which involves selling valueless timeshare interests to prospective owners. (*Id.* ¶ 5). Therein, Plaintiffs bring a series of federal and state law claims arising from their purchase of such a timeshare from Defendant on August 19, 2019. (*See generally* Doc. 1-1). Defendant removed the action to the instant Court on May 5, 2025. (Doc. 1). Shortly thereafter, on May 21, 2025, attorney Stephanie Parsons ("**Ms. Parsons**") filed a notice indicating she was lead counsel for Plaintiffs. (Doc. 8 (the "**Notice of Lead Counsel Designation**")).

Less than one month later, on June 17, 2025, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. (Doc. 23 (the "**Motion to Dismiss**")). Plaintiffs' response to the Motion to Dismiss was due July 8, 2025. *See* Local Rule 3.01(d). Shortly before this deadline elapsed, on July 2, 2025, Ms. Parsons moved to withdraw as counsel (Doc. 30 (the "**First Motion to Withdraw**")), noting a new attorney, Jillian Rice ("**Ms. Rice**"), had "taken over [her] position" at the Timeshare Law Firm. (*Id.* at p. 1). The next day, Attorney Duane Henry ("**Mr.**

**Henry**"), also of the Timeshare Law Firm, filed a Notice of Appearance indicating his intention to be "substituted as counsel of record on behalf of the named Plaintiffs in the instant matter" such that Ms. Parsons could withdraw from the case. (Doc. 32). Later that same day, Magistrate Judge Hoffman Price denied Ms. Parsons' First Motion to Withdraw without prejudice, finding it failed to comply with various Local Rules. (Doc. 33).

Plaintiffs failed to respond to the Motion to Dismiss by the deadline of July 8, 2025. Further, no response had been filed on July 11, 2025. Accordingly, on that date, the Court entered the Order, wherein it granted the Motion to Dismiss as unopposed and dismissed the Complaint without prejudice. (Doc. 36); *see* Local Rule 3.01(d) ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

As a result, on July 25, 2025, Defendant filed the Motion for Fees and Costs seeking attorney's fees and costs based upon Defendant's status as the prevailing party, as Plaintiffs had brought a count under the Florida Deceptive and Unfair Trade Practices Act, which allows for the entry of such an award. (*See generally* Doc. 38). The Motion for Fees and Costs was referred to the Magistrate Judge for the issuance of a report and recommendation thereupon. Plaintiffs' response to the Motion for Fees and Costs was due on or before August 8, 2025. (*Id.*); Local Rule 3.01(d). However, Plaintiffs again failed to timely file such a response.

On August 24, 2025, Ms. Parsons again moved to withdraw as Plaintiffs' counsel. (Doc. 41 (the "**Second Motion to Withdraw**")). Therein, Ms. Parsons

stated that she had resigned from the Timeshare Law Firm around May 7, 2025, "due to the discovery of Unauthorized Practice of Law by John Abrams, Esq. [("**Mr. Abrams**")][,] the firm's owner, as well as financial issues with the firm." (*Id.* at p. 1). Ms. Parsons noted that Ms. Rice and Mr. Henry had now also resigned from the firm. (*Id.* at p. 2). Magistrate Judge Hoffman Price denied the Second Motion to Withdraw without prejudice, as, like the First Motion to Withdraw, it failed to comply with the Local Rules.[2] (Doc. 43).

On September 23, 2025, about two months after the Motion for Fees and Costs had been filed, neither Plaintiffs nor their counsel had responded thereto. Thus, on the aforementioned date, Magistrate Judge Hoffman Price entered an Order regarding the Motion for Fees and Costs. (Doc. 44 (the "**Magistrate Judge Order**")). Therein, noting "the history of this case and similar matters pending with same Plaintiffs' counsel," the Magistrate Judge explained she was "concerned whether Plaintiffs are even aware of the motion's filing." (*Id.* at p. 1). Thus, the Magistrate Judge ordered Plaintiffs' counsel to serve a copy of the Motion for Fees and Costs upon Plaintiffs before her issuance of a report. (*Id.* at pp. 1–2). The Magistrate Judge further ordered that, "[t]o the extent that counsel claims to lack Plaintiffs' contact information, counsel are DIRECTED to obtain the most recent contact information for Plaintiffs as retained by Defendants." (*Id.* at p. 2 (bold

---

[2]    The Court notes that Mr. Henry has also sought, unsuccessfully, to withdraw from his representation of Plaintiffs in this matter. (Docs. 47, 49).

omitted); *see also* Docs. 48, 50). Shortly thereafter, Ms. Parsons informed the Court that the Timeshare Law Firm had dissolved. (Doc. 48, p. 6).

On October 2, 2025, Ms. Parsons filed a Certificate of Compliance with the Magistrate Judge Order, stating she had used information provided by Defendants to send the Motion for Fees and Costs to Plaintiffs "via FedEx with signature requested" and also by email. (Doc. 51). Ms. Parsons did not include or otherwise attach the relevant tracking information or email(s). (*Id.*).

More than six weeks later, on November 17, 2025, there had still been no response to the Motion for Fees and Costs by Plaintiffs or their counsel. Thus, on this date, Magistrate Judge Hoffman Price issued the Report wherein she recommended that the Court grant the Motion for Fees and Costs. (Doc. 53). In the Report, the Magistrate Judge ordered Plaintiffs' counsel to "cause a copy of this Report to be delivered to Plaintiffs . . . via both email and certified mail, return receipt requested." (*Id.* at pp. 10–11).

The time for filing any objections to the Report expired on December 1, 2026. *See* 28 U.S.C. § 636(b)(C). Plaintiffs' counsel filed a notice with the Court on that same date indicating that, on November 21, 2025, she had sent the Report to Plaintiffs both "via UPS with signature and return receipt requested" as well as by email to "the last known information for the Plaintiffs." (Doc. 58). This notice contained as attachments a receipt providing the relevant UPS tracking information as well as a copy of the email attaching the Report. (Docs. 58-1, 58-2).

Neither Plaintiffs nor their counsel have ever filed an objection to the Report and, in an ordinary circumstance, the time to do so would have long passed. However, on December 22, 2025—twenty-one days after the objection period for the *Report* expired—Plaintiffs submitted the *pro se* Response in opposition to the Motion for Fees and Costs. (Doc. 60). In the Response, Plaintiffs do not reference the Report, and the Court has no evidence to suggest the Plaintiffs are aware of the Report or its contents. (*Id.*). It is equally unclear to the Court when or how Plaintiffs received a copy of the underlying Motion for Fees and Costs. (*Id.*). Further, in the Response, Plaintiffs provide email addresses and a physical address that differ from those apparently utilized by Ms. Parsons when attempting to send Plaintiffs the Report. (*Compare* Docs. 58-1, *and* 58-2, *with* Doc. 60, p. 1). Presumably, Ms. Parsons would have used the same seemingly incorrect contact information when sending Plaintiffs the underlying Motion for Fees and Costs.

In the Response, Plaintiffs set forth facts and evidence they allege support circumstances amounting to attorney abandonment.[3] (*E.g.*, Doc. 60, pp. 1–2). Plaintiffs contend that, despite first contacting Mr. Abrams about the underlying

---

[3] The Court notes the Response also includes several affirmative requests for relief. Plaintiffs are advised that embedding such requests in the body of a response is procedurally improper. Instead, a party must seek relief in the body of a motion that complies with all applicable rules and law. *See* FED. R. CIV. P. 7(b) (noting that "[a] request for a court order must be made by motion" and imposing requirements on such motions); Local Rule 3.01(b) (imposing additional requirements on motions). Plaintiffs are likewise advised that a motion or response must contain a legal memorandum. Local Rule 3.01(b), (c). Although *pro se* pleadings are liberally construed, *pro se* parties must nonetheless comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and with the Local Rules. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020); *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

facts in the case in 2019, no complaint was filed until 2025. (*Id.* at p. 1). Plaintiffs further describe repeated attempts to communicate with the attorneys at the Timeshare Law Firm over a span of several years being ignored. (*Id.*). Thus, Plaintiffs argue against the imposition of fees and costs against them, contending that "any procedural deficiencies or delays" in the case "were caused by counsel's abandonment, not by Plaintiffs." (*Id.* at p. 5).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), a court may revisit an interlocutory order or decision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Such an order may be revisited by the court upon motion or *sua sponte*. *E.g.*, *Villas of Lake Jackson, Ltd. v. Leon Cnty.*, 906 F. Supp. 1509, 1513 (N.D. Fla. 1995) (citations omitted). However, reconsideration of an order is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

## III.     DISCUSSION

The Court finds it appropriate to revisit its Order granting the Motion to Dismiss as unopposed in light of new evidence not available to the Court at the time the Order was entered. *See id.* at 1308. At the time the Court entered the

Order, the First Motion to Withdraw had recently been filed, wherein Ms. Parsons indicated that another attorney, Ms. Rice, had taken her position at the Timeshare Law Firm. (Doc. 30). Additionally, Mr. Henry had filed a Notice of Appearance in the case indicating his intention to take over representation of Plaintiffs for Ms. Parsons. (Doc. 32).

Since the Order was entered, Ms. Parsons, lead counsel for Plaintiffs, has revealed that she resigned from the Timeshare Law Firm in May of 2025, months before the Motion to Dismiss was filed.[4] (Doc. 41). Later, Mr. Henry and Ms. Rice similarly resigned, and indeed, the Timeshare Law Firm has apparently been dissolved. (Doc. 41, p. 2; Doc. 48, p. 6). While Plaintiffs have technically remained represented by counsel of record throughout the case, this is apparently only due to counsel's inability to meet the Local Rules' requirements for withdrawing from the representation. (Docs. 33, 43, 49). Seemingly, the largest impediment to their withdrawal has been their inability to meet the notice requirements for withdrawing set forth in Local Rule 2.02(c), as counsel have claimed to lack recent contact information for Plaintiffs in light of the unfolding events at the Timeshare Law Firm. (*See, e.g.*, Doc. 30; Doc. 33; Doc. 41, pp. 2–3; Doc. 49).

Moreover, the Court notes that the Magistrate Judge went to great lengths to attempt to ensure Plaintiffs were personally notified of the pending Motion for

---

[4]    Although Ms. Parsons identifies May 7, 2025, as the approximate date of her resignation, the Court notes that Ms. Parsons filed her Notice of Lead Counsel Designation on May 21, 2025. (Doc. 8). Despite this discrepancy, it seems evident from the filings in the case that Ms. Parsons resigned well before the response to the Motion to Dismiss became due in July of 2025. (*E.g.*, Doc. 41).

Fees and Costs and subsequent Report. (*E.g.*, Docs. 44, 53). To date, however, it is not clear to the Court that Plaintiffs are aware of the Report, nor can it determine when Plaintiffs became aware of the underlying Motion for Fees and Costs. (*See* Doc. 60). Indeed, it is equally unclear to the Court that Plaintiffs were ever apprised of the pendency of the Motion to Dismiss.

Finally, Plaintiffs' Response raises the specter of attorney abandonment.[5] (*Id.*). The Court entered the Order granting the Motion to Dismiss as unopposed in reliance upon basic agency principles that apply to attorney-client relationships. (*See* Doc. 36). Generally speaking, it is proper for the Court to "charge plaintiffs personally with 'the consequences of the acts or omissions of (their) freely selected agent.'" *See, e.g.*, *Jochum v. Schmidt*, 570 F.2d 1229, 1232 (5th Cir. 1978)[6] (per curiam) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)); *see also Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1245 (11th Cir. 2009) ("There is no injustice in holding a client responsible for acts of his attorney of which he is aware." (quotation omitted)). Accordingly, when Plaintiffs' counsel failed to timely respond to the Motion to Dismiss, the Court charged Plaintiffs themselves with that omission. *See id.* However, "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned

---

[5]   While Plaintiffs appear to assert such abandonment began as early as 2019, the Court's focus is on the recent conduct of counsel, consistent with the scope of the issues addressed in the instant Order. (Doc. 60, pp. 1–2).

[6]   The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

him." *Maples v. Thomas*, 565 U.S. 266, 283 (2012); *see also Cadet v. Fla. Dep't of Corrs.*, 853 F.3d 1216, 1225 (11th Cir. 2017).

The Court need not make a definitive finding of such abandonment here. The Court is mindful of the precarious position in which Plaintiffs claim to have been placed by their counsel's conduct, yet the record is mixed as to the consequences of that circumstance. *See, e.g.*, *In re Bloomer*, 552 B.R. 897, 901 (Bankr. S.D. Fla. 2016) ("Litigants who know or strongly suspect that their lawyers are asleep on the job must act to protect their own interests by hiring someone else." (quoting *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 756 (7th Cir. 2015))).

However, in light of the additional information now before the Court, the Court is compelled to reconsider its ruling that the Motion to Dismiss should be treated as unopposed. (*See* Doc. 36). Simply put, had the Court been apprised of the full breadth of the circumstances, rather than entering the Order, it would have charted a different course. Accordingly, the Order is due to be vacated so that Plaintiffs may have the opportunity to respond to the Motion to Dismiss. This ruling renders the Motion for Fees and Costs and resulting Report moot. Further, considering the circumstances, the Court will re-open the file, but the case shall be stayed until the Motion to Dismiss is ripe and is ruled upon by the Court. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (finding that a court has broad discretion to stay proceedings or decline to do so incident to the court's inherent authority to manage its cases); *Clinton v. Jones*, 520 U.S. 681, 706

(1997) (holding district courts have broad discretion to determine whether to stay proceedings before them).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Order of July 11, 2025 (Doc. 36) is hereby **VACATED**.

2. The Clerk of Court is **DIRECTED** to reopen the file. However, the matter is hereby **STAYED** pending the Court's ruling on the Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23). Accordingly, the Clerk of Court is **DIRECTED** to administratively close the file.

3. Plaintiffs shall respond to Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23) on or before **April 16, 2026**.

   a. Prior to this deadline, if Plaintiffs desire to secure new counsel to appear in the case and respond to Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23), they may do so.

   b. However, failure to timely respond to Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23), whether *pro se* or through counsel, may result in the Court treating the aforementioned Motion as unopposed. *See* Local Rule 3.01(d).

4.  Defendant Westgate Resorts, Ltd.'s Motion for Entitlement to Attorney's Fees and Costs (Doc. 38) is **FOUND AS MOOT**.

5.  The Report and Recommendation filed November 17, 2025 (Doc. 53) is **FOUND AS MOOT**.

6.  Should Defendant Westgate Resorts, Ltd. prevail on its Motion to Dismiss Plaintiffs' Complaint (Doc. 23) and renew its motion seeking entitlement to attorney's fees and costs, Defendant Westgate Resorts, Ltd. **SHALL** brief in such renewed motion whether any award of attorney's fees and costs should be assessed against Plaintiffs or against any attorney who has appeared on behalf of Plaintiffs in this action.

7.  The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

    a.  Copy via Certified Mail to Deborah Ostin and Lanny DiBartolomeo, 1529 2nd Ave., Charleston, WV 25387;

    b.  Copy sent electronically to Deborah Ostin at debbie.ostin@gordon.edu and w0nderflym4d3@gmail.com; and

    c.  Copy sent electronically to Lanny DiBartolomeo at ldibart@netzero.net.

**DONE AND ORDERED** in Orlando, Florida on March 2, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

13